Per Curiam.

We find no error in the rulings on evidence complained of by appellant, one of which will be taken up later. We are, however, obliged to reverse this judgment recovered by plaintiff in a negligence action because of a highly improper and prejudicial statement made by plaintiff’s counsel in the course of his summation. The record indicates that the following took place:
“ (During Mr.Zeitlan’s summation the following statement, objections, rulings and exceptions were made):
“ Mr. Zeitlan (referring to part of defendant’s testimony) — whose testimony has been bought here. «
“ Mr. Mulligan: I am going to object. That is the first time I have ever been accused of buying testimony since I have been practicing law, and I am going to ask your Honor to tell the jury to disregard it, and I think it is a very personal insult on the part of my adversary.
“ The Court: Well, now, he is not charging you with buying anything.
“ Mr. Mulligan: Well, he just said it, and I am going to move for a mistrial.
“ The Court: Motion denied. Proceed.
“ Mr. Mulligan: Exception.”
A wide latitude is allowed to counsel in his summation and we have no desire to curb a vigorous, robust summation. A witness may be characterized as untruthful, as a falsifier, as a liar, and even as a perjurer. That is a matter of propriety, of good taste and of judgment, with which a court will not interfere. But there is some line to be drawn. Where, therefore, a lawyer, in his summation, charges that a witness testifying to material facts in a case has been “ bought ” by the other side, when there is no basis in the evidence for any such charge, that statement is so highly objectionable and prejudicial as to require a new trial in a case involving sharply contested issues, particularly when the objectionable statement complained of was allowed to stand without prompt judicial rebuke.
*377 The harm done is not cured because later, in the course of the charge, the court made the general observation: “You must not be influenced by comments made by counsel, and there were some unnecessary comments made by counsel which you must entirely exclude from your minds.”
In the course of the examination of one of the defendant’s witnesses, a police officer, a situation developed which, it is urged, called for the application of the so-called rehabilitation rule: where the testimony of a witness is, in effect, assailed as a fabrication resorted to for the exigencies of the trial and motivated by some self-interest or otherwise, the party calling. him may show that, at a time when the imputed motive did not exist, the witness made statements consistent with the testimony given at the trial (Robb v. Hackley, 23 Wend. 50, 52; Crawford v. Nilan, 289 N. Y. 444; People v. Katz, 209 N. Y. 311; DiCarlo v. United States, 6 F. 2d 364; People v. Singer, 300 N. Y. 120; 4 Wigmore on Evidence [3d ed.], § 1128). This is an exception to the general rule that the testimony of an impeached, contradicted or discredited witness may not be corroborated or confirmed by establishing that such a witness had made consistent declarations out of court.
There is a twofold difficulty in dealing with this question in the record before us. First, the attorney, seeking to prove the prior consistent statement, failed to lay a proper foundation for its admissibility. The report in which it was intimated that the prior consistent statement was contained should have been identified by the witness and then marked for identification. Only that part of it which contained the alleged consistent statement could, in any event, be received in evidence, and not the entire report. In the second place, the report, not having been marked for identification and not being in the record or in any stipulation of counsel, this court has nothing before it to review on this point (Barnes v. O’Reilly, 73 Hun 169).
It should be stressed that only under the exceptional circumstances referred to above and set forth in the cases cited may resort be had to this “ rehabilitation ” rule. Whether, in this case, that rule may be resorted to on the retrial will necessarily depend upon the situation as it there develops.
The judgment below should be reversed and a new trial ordered, with costs to appellant to abide the event.
Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Judgment unanimously reversed, and a new trial ordered, with costs to appellant to abide the event. [See post, p. 1011.]